United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 12-14456-ref
Juan Lopez Rosa                                                         Chapter 13
Wanda I. Cabrera Lopez
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 2           Date Rcvd: Sep 22, 2017
                              Form ID: 3180W           Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 24, 2017.
db/jdb        +Juan Lopez Rosa,    Wanda I. Cabrera Lopez,    534 W. Berwick Street,    Easton, PA 18042-6407
smg           +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,    Reading, PA 19601
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13478465      +PNC Bank, National Association,    c/o Vitti & Vitti & Associates, P.C.,    215 Fourth Avenue,
                Pittsburgh, PA 15222-1707
12823949      +PNC Mortgage,    3232 Newmark Drive,    Miamisburg OH 45342-5433

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           +E-mail/Text: robertsl2@dnb.com Sep 23 2017 01:07:20      Dun & Bradstreet, INC,
                3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 23 2017 01:07:00
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 23 2017 01:07:28      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12806420       EDI: AIS.COM Sep 23 2017 00:58:00      American InfoSource LP as agent for,
                InSolve Recovery, LLC,    PO Box 269093,    Oklahoma City, OK 73126-9093
12796669       EDI: CAPITALONE.COM Sep 23 2017 00:58:00      Capital One Bank (USA), N.A.,    PO Box 71083,
                Charlotte, NC 28272-1083
12784086       EDI: JEFFERSONCAP.COM Sep 23 2017 00:58:00      Jefferson Capital Systems LLC,    PO BOX 7999,
                SAINT CLOUD MN 56302-9617
13028951       EDI: AIS.COM Sep 23 2017 00:58:00      Midland Funding LLC,    by American InfoSource LP as agent,
                Attn: Department 1,    PO Box 4457,    Houston, TX 77210-4457
12765321       EDI: Q3G.COM Sep 23 2017 00:58:00      Quantum3 Group LLC as agent for,    Capio Partners LLC,
                PO Box 788,    Kirkland, WA 98083-0788
12851486       EDI: Q3G.COM Sep 23 2017 00:58:00      Quantum3 Group LLC as agent for,    MOMA Funding LLC,
                PO Box 788,    Kirkland, WA 98083-0788
12796509       E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Sep 23 2017 01:02:31      Regional Acceptance Corporation,
                PO Box 1847,    Wilson, NC 27894-1847
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12909194     ##+The Law Offices of David W. Tidd,   516 Main Street,    Hellertown, PA 18055-1724
                                                                                              TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 24, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 21, 2017 at the address(es) listed below:
          DAVID W. TIDD    on behalf of Debtor Juan  Lopez Rosa bankruptcy@davidtiddlaw.com
          DAVID W. TIDD    on behalf of Joint Debtor Wanda I. Cabrera Lopez bankruptcy@davidtiddlaw.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          MATTEO SAMUEL WEINER    on behalf of Creditor   PNC BANK, NATIONAL ASSOCIATION
           bkgroup@kmllawgroup.com

```
District/off: 0313-4            User: admin              Page 2 of 2              Date Rcvd: Sep 22, 2017
                                Form ID: 3180W           Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
         REBECCA ANN SOLARZ    on behalf of Creditor    PNC Bank, National Association
          bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                       TOTAL: 7

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Juan Lopez Rosa** | Social Security number or ITIN | **xxx–xx–3672** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Wanda I. Cabrera Lopez** | Social Security number or ITIN | **xxx–xx–3027** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | |
| Case number: | **12–14456–ref** | | |

# Order of Discharge                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Juan Lopez Rosa                                              Wanda I. Cabrera Lopez
aka Juan Lopez                                               aka Wanda I. Lopez, aka Wanda Ivelisse Cabrera Lopez

9/21/17                                                      **By the court:**     Richard E. Fehling
                                                                                   United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                              **Chapter 13 Discharge**                              page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**